| | |
|---|---|
| **TONI GWYNETT JONES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )  **O R D E R** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Document No. 1 ); Respondent's Motion to Dismiss (Document No. 7); and Petitioner's Response to Respondent's Motion to Dismiss (Document No. 15.)

For the reasons stated herein, Respondent's Motion to Dismiss will be granted and Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

The record reveals that Petitioner, Toni Gwynett Jones, and fourteen other individuals were indicted on August 2, 2003 for conspiracy to possess with the intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 and 846. On the same day, the United States filed notices pursuant to 21 U.S.C. §§ 841(b) and 851 notifying Petitioner of the amounts and types of drugs involved in the offense and her prior conviction for a felony drug offense for sentencing purposes.

On June 28, 2004, Petitioner appeared before Magistrate Judge Keesler and entered a guilty

plea, without the benefit of a plea agreement, to Count One of the Indictment. At that time, the Court engaged Petitioner in a lengthy colloquy to ensure that her guilty plea was being tendered intelligently, knowingly, and voluntarily. In response to the Court's questions, Petitioner swore that she understood the charges and the minimum and maximum penalties she faced, particularly as they were explained by the Court and her attorney, (Transcript of Plea and Rule 11 Hearing at 4-7), and that she and her counsel had fully discussed any defenses she might have had to the subject charges. (Id. at 10.) Significantly, Petitioner advised the Court that no one had threatened, intimidated, or forced her into pleading guilty, and no one had made her any promises of leniency in order to induce her plea. (Id.) On the contrary, Petitioner told the Court that she was tendering her plea of guilty to Count One of the Indictment because she was, in fact, guilty of the charged offense. (Id. at 9, 10.) Petitioner also swore that she was fully satisfied with the services of her attorney. (Id. at 10.) Consequently, after hearing Petitioner's answers to each of its questions, the Court conditionally accepted her guilty plea, finding that Petitioner was fully competent and capable of making an informed plea and that her plea was made freely and voluntarily with an understanding of the nature of the charges and the consequences of the plea. (Id. at 11.)

On April 18, 2005, Petitioner appeared before this Court for sentencing. Petitioner affirmatively acknowledged to the Court that she had entered a guilty plea before Magistrate Judge Keesler on June 28, 2004, that she had pled guilty to conspiracy to possession with intent to distribute cocaine and cocaine base as charged in Count One of the Indictment, that she understood the charge and the possible penalties, that she had been suitably advised and represented by her attorney, that she had entered her plea of guilty freely and voluntarily, and that she had committed the charged offense. (Transcript of Sentencing Hearing 3-4.) Based on Petitioner's answers to the

Court and her sworn answers in the Rule 11 hearing, the Court accepted Petitioner's guilty plea finding that it was "competent, counseled, informed, free and voluntary." (Id. at 4.) The parties stipulated that the facts set forth in the presentence report ("PRS") established a factual basis to support Petitioner's guilty plea. Petitioner then acknowledged tot he Court that she had "carefully" reviewed the PSR with her attorney and, through counsel, stated she had no objections to the PSR. (Id.) Consequently, the Court adopted the PSR for all purposes of sentencing, finding that it accurately calculated Petitioner's offense level at 35 and criminal history category at III, yielding a range of 240 to 262 months in prison. (Id. at 5.) The Government notified the Court that it was withdrawing the § 851 notice because it had no evidence that Petitioner had been involved in drug trafficking after 2001 to support an enhanced sentence. (Id.) Withdrawal of the § 851 notice reduced the guideline range from the statutory minimum between 240 and 262 months to between 210 and 262 months. The Court sentenced Petitioner to 210 months. Petitioner did not file an appeal.

Petitioner filed the instant Motion to Vacate on May 22, 2006 alleging that her sentence was illegally imposed and that her attorney provided ineffective assistance of counsel by coercing her and misleading her into signing a plea agreement and failing to object to her alleged illegal sentence.

## II. <u>ANALYSIS</u>

### A. CLAIMS NOT RAISED ON APPEAL ARE PROCEDURALLY DEFAULTED

Petitioner contends that she was coerced, by her attorney, into pleading guilty and that her sentence is illegal because of an ex post facto violation. Petitioner also challenges her criminal history calculation claiming that the two points added to her criminal history pursuant to U.S.S.G. § 4A1.1(d) were post-2000 and constitute erroneous "retroactive" use of her state probationary sentences to increase her criminal history category from II to III. These issues were not raised on

appeal. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[1] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner simply apologizes for not appealing, explaining that her attorney told her she could not appeal because she "signed a guilty plea." The Court notes that Petitioner did not enter into a plea agreement with the government, but instead pled to Count One of the Indictment without the benefit of a plea agreement. Further, the undersigned specifically explained that Petitioner did have an absolute right to appeal her case to the Fourth

---

[1] Petitioner makes no claim of actual innocence.

4

Circuit Court of Appeals and that the deputy clerk would fill out a notice of appeal if Petitioner so requested.  (Sentencing Transcript at 11.)  The facts and the record do not support Petitioner's stated reason for failing to appeal and Petitioner has not met her burden in establishing cause for failing to raise these claims on direct appeal.  Therefore, all of Petitioner's claims,  except her claims of ineffective assistance of counsel, are procedurally barred.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims her trial attorney, Richard Brown, was ineffective because he : (1) coerced Petitioner into "signing the plea agreement", (2) failed to research issues which would have reduced her sentence; (3) failed to object to Petitioner's sentence which was imposed in violation of the ex post facto clause; (4) mislead Petitioner into believing that she was subject to a mandatory minimum sentence of twenty years; (5) failed to assert any defenses on her behalf and failed to object to the 1.5 kilograms of cocaine attributed to Petitioner.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby.  Strickland v. Washington, 466 U.S. 687-91 (1984).  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31.  If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong."  Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

5

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by

conclusory allegations.  <u>Carpenter v. United States</u>, 720 F.2d 546 (8th Cir. 1983).  Indeed, the

defendant bears an even heavier burden where, as here,  the claim of ineffective assistance of counsel

follows the entry of a guilty plea.

Turning to Petitioner's claim that her attorney was ineffective for coercing her to signing a

plea agreement which attributed an erroneous quantity of drugs to her.  The record does not support

Petitioner's claim.  First Petitioner entered a straight-up plea without the benefit of a plea agreement.

Therefore, Petitioner's counsel did not coerce her into signing a plea agreement.  Next, the Court

conducted a Rule 11 inquiry at the time of Petitioner's plea and asked Petitioner a number of

questions regarding her plea.  Significantly, Petitioner advised the Court that no one had threatened,

intimidated, or forced her into pleading guilty, and no one had made her any promises of leniency

in order to induce her plea.  (Id.)  On the contrary, Petitioner told the Court that she was tendering

her plea of guilty to Count One of the Indictment because she was, in fact, guilty of the charged

offense.  (Id. at 9, 10.)  Petitioner also swore that she was fully satisfied with the services of her

attorney.  (Id. at 10.)  Consequently, after hearing Petitioner's answers to each of its questions, the

Court conditionally accepted her guilty plea, finding that Petitioner was fully competent and capable

of making an informed plea and that her plea was made freely and voluntarily with an understanding

of the nature of the charges and the consequences of the plea.  (Id. at 11.)  Petitioner then appeared

before this Court for sentencing.  Petitioner affirmatively acknowledged to the Court that she had

entered a guilty plea before Magistrate Judge Keesler, that she had pled guilty to conspiracy to

possession with intent to distribute cocaine and cocaine base as charged in Count One of the

Indictment, that she understood the charge and the possible penalties, that she had been suitably

advised and represented by her attorney, that she had entered her plea of guilty freely and voluntarily,

7

and that she had committed the charged offense. (Transcript of Sentencing Hearing 3-4.) Based on Petitioner's answers to the Court and her sworn answers in the Rule 11 hearing, the Court accepted Petitioner's guilty plea finding that it was "competent, counseled, informed, free and voluntary." (Id. at 4.)

The record before the Court simply does not support Petitioner's claim that counsel coerced her into pleading guilty. Petitioner clearly stated, at the Rule 11 Hearing, that no one had threatened, intimidated or forced her to plead guilty and that she was pleading guilty because she was, in fact, guilty of Count One of the Indictment. Petitioner also swore that she was fully satisfied with the services of her attorney. In the absence of "clear and convincing evidence to the contrary," which is not present here, Petitioner is bound by the statements she made under oath at her Rule 11 hearing. Fields, 956 F.2d at 1299. Petitioner has not established either prong of the Strickland test and therefore he claim that her counsel was ineffective for coercing her into signing the plea agreement is denied.

Next, Petitioner claims that her attorney was ineffective for misleading her into believing she was subject to a mandatory minimum sentence of twenty years. The United States filed a notice pursuant to 21 U.S.C. § 851 on August 26, 2003, notifying the Court and Petitioner of its intent to request an enhanced sentence based on Petitioner's prior felony drug conviction on August 27, 2001. Therefore, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, the statutory minimum term of imprisonment that Petitioner faced was twenty years with a maximum of life imprisonment. The Court advised Petitioner at the Rule 11 hearing that the § 851 notice established a minimum sentence of twenty years in prison. Moreover, the transcript of the guilty plea hearing shows that Petitioner's attorney acknowledged to the Court that he had discussed the § 851 notice with Petitioner (Transcript

of Plea and Rule 11 Hearing at 6.) Only after the Government withdrew the § 851 notice at the sentencing hearing did the guideline range of imprisonment change from the statutory minimum of 240 months to 262 months to the guideline range of 210 to 262 months for offense level 35 and criminal history category III. Therefore, Petitioner's counsel did not mislead her concerning the minimum sentence of twenty years in prison. Moreover, Petitioner does not allege that she would not have pled guilty and would have gone to trial in the absence of the twenty year minimum sentence. Therefore, Petitioner has not established the prejudice prong of the Strickland test and her ineffective assistance of counsel claim must fail.

As her next claim, Petitioner contends that her attorney failed to assert any defenses on her behalf and failed to object to the 1.5 kilograms of cocaine base attributed to her. A review of the record shows that Petitioner entered a knowing and voluntary plea of guilty to possession with intent to distribute, quantities of cocaine and cocaine base, to wit: five kilograms or more of cocaine and fifty grams or more of cocaine base, as charged in Count One of the indictment. Petitioner testified that she reviewed the PSR with her attorney and that she understood its contents and the potential penalties she faced. (Transcript of Sentencing Hearing at 3-4.) The PSR reflects specific transactions in which Petitioner participated that involved a drug quantity higher than the 1.5 kilograms upon which her sentence was based.[2] When asked if she would stipulate that the PSR provided an accurate factual basis for the offense, she responded that it did. In light of these admissions, there was no reason for Petitioner's attorney to assert defenses on her behalf. Indeed,

---

[2] Between 1998 and 2001 Petitioner purchased 3.5 kilograms of cocaine base from Marquis Witherspoon. Additionally, Petitioner obtained at least seven ounces of cocaine base from Mark Corpering Between July 2000 and November 2000. Evidence also showed that Petitioner had knowledge of more than 3.5 kilograms of cocaine base. (See PSR ¶ 24.)

it is well settled that a knowing and voluntary guilty plea constitutes an admission of the material elements of the crime charged, McCarthy v United States, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors. Tollett v. Hendeson, 411 U.S. 258, 267 (1973). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Moreover, "[a] plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Boykin v. Alabama, 395 U.S. 238, 242 (1969).

Petitioner stated she had reviewed the PSR with her attorney and that she had no objection to its contents. Further, she stipulated that the PSR provided an accurate factual basis for the offense. Given her admissions, Petitioner cannot now establish that her attorney was ineffective for failing to challenge the PSR. The record of Petitioner's admissions regarding the PSR does not support her claim that her counsel was ineffective for failing to challenge the PSR. Petitioner has not satisfied either prong of the Strickland test and therefore, her claim that counsel was ineffective for failing to assert any defenses on her behalf and failing to object to the 1.5 kilograms of cocaine base attributed to her is denied.

As her last claim for relief, Petitioner contends that her counsel was ineffective for f ailing to object to an illegal sentence. Petitioner maintains that the Indictment charges that the conspiracy occurred between January 1992 and August 2000 and that the application of the 2003 Sentencing Guidelines to her case, instead of the "guidelines in effect prior to mid-August 2000," resulted in an increased sentence constituting an Ex Post Facto violation. Petitioner is incorrect.

A review of the Indictment reveals that Petitioner was charged with being a member of a

conspiracy that began in January 1992 and continued until the date of the Indictment which was August 26, 2003. When imposing a sentence, the sentencing court is required to use the Guidelines Manuel in effect on the date the defendant is sentenced, unless the sentence would violate the Ex Post Facto Clause of the United States Constitution, in which case, the Court shall use the Guidelines Manuel in effect on the date the offense of conviction was committed. United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir. 1991); U.S.S.G. § 1B1.11 (2003). A violation to the Ex Post Facto Clause occurs when the Guidelines in effect on the date of sentencing inflict a greater punishment than those in effect on the last date of the offense of conviction. See U.S.S.G. 1B1.11, comment (n.2).

Here, there was no change in the base offense level of 38 for 1.5 kilograms from 1991 (the guidelines in effect in January 1992, the beginning of the charged conspiracy) through the 2006 Guideline Manuel. The probation officer correctly relied on 2003 Guidelines Manuel in preparing the PSR dated September 16, 2004. While the Court also relied on the 2003 Manuel in sentencing Petitioner on April 18, 2005, there was no Ex Post Facto violation because there had been no change in the base offense level of 38 for 1.5 kilograms from the 2003 Guidelines to the 2004 Guidelines Manuel. Because there was no Ex Post Facto violation, counsel was not ineffective for failing to raise this argument.

For the reasons stated herein, Petitioner's various claims of ineffective assistance of counsel are denied.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss (Document No. 7.) is GRANTED; and

3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED (Document

No. 1).

**SO ORDERED**.

Signed: February 11, 2008

Richard L. Voorhees
United States District Judge